UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE PAMELA BILLINGS, | No. 2:18-cv-0935 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence and the "other opinion" evidence constituted error.

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 3 & 9.)

1

For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

## PROCEDURAL BACKGROUND

In April of 2014 plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on April 9, 2013. (Transcript ("Tr.") at 16, 162-63.) Plaintiff's alleged impairments included bipolar disorder, anxiety, and depression. (Id. at 178.) Plaintiff's application was denied initially, (id. at 75-79), and upon reconsideration. (Id. at 81-85.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on January 26, 2017. (Id. at 32-51.) Plaintiff was represented by a non-attorney representative and testified at the administrative hearing. (Id. at 32-34.) In a decision issued on February 14, 2017, the ALJ found that plaintiff was not disabled. (Id. at 26.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since April 9, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: cervical and lumbar spine degenerative disc disease and affective and anxiety disorders (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the record supports the conclusion that the claimant has the residual functional capacity to perform at a reduced level: light work as defined in 20 CFR 404.1567(b) involving lifting/carrying 10-20 lbs., sitting, standing and/or walking 6 hours total per 8-hour workday, occasional postural movements involving bending, frequent kneeling, stair climbing and balancing, performing simple, repetitive tasks, performing detailed/complex tasks occasionally, and having no contact with the public.

////

      6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

      7. The claimant was born [in] 1964 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

      8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

      9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

      10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

      11. The claimant has not been under a disability, as defined in the Social Security Act, from April 9, 2013, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 18-26.)

On February 26, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's February 14, 2017 decision. (Id. at 2-4.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on April 16, 2018. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or

reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion argues that the ALJ committed the following two principal errors: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the ALJ's treatment of the "other opinion" evidence constituted error. (Pl.'s MSJ (ECF No. 15) at 11-15.[3])

////

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

## I. Medical Opinion Evidence – Dr. Michael Cohen

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]" Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the opinion of Dr. Michael Cohn, Ph.D. (Pl.'s MSJ (ECF No. 15) at 11-12.) Dr. Cohn examined plaintiff and completed "a comprehensive psychological evaluation." (Tr. at 348.) Although the ALJ's decision acknowledges Dr. Cohn's opinion, it does so only briefly. (Id. at 19-20, 23.)

Dr. Cohn opined, in relevant part, that plaintiff's "[a]bility to relate and interact with coworkers and public is moderately impaired." (Id. at 354.) The ALJ's decision does not address Dr. Cohn's opinion that plaintiff's ability to interact with coworkers was impaired. An "ALJ is not free to disregard properly supported limitations." Robbins v. Soc. Sec. Admin., 466 F.3d 880,

886 (9th Cir. 2006). Nor may an ALJ ignore the findings of an examining physician; the ALJ must "either accept the opinions . . . or give specific and legitimate reasons for rejecting them." Embrey v. Bowen, 849 F.2d 418, 422 n. 3 (9th Cir. 1988); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n. 10 (9th Cir. 2007); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

Moreover, although the ALJ's residual functional capacity ("RFC") determination limited plaintiff to "no contact with the public," the RFC did not account for Dr. Cohn's finding that plaintiff's ability to relate and interact with coworkers was moderately impaired. (Tr. at 22.) A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record." Id.

Accordingly, the court finds that the ALJ's treatment of Dr. Cohn's opinion constituted error and plaintiff is entitled to summary judgment on this claim.

## II. Other Source Evidence – Richard A. Rohrlick, M.S.W.

Plaintiff also challenges the ALJ's treatment of the opinion offered by Richard A. Rohrlick, M.S.W. (Pl.'s MSJ (ECF No. 15) at 12-15.) Opinions offered by social workers are considered opinions of "other sources." Thomas v. Astrue, No. CV 07-8040-PLA, 2009 WL 151488, at *3 (C.D. Cal. Jan. 21, 2009). In addition to evidence from acceptable medical sources, a plaintiff may offer opinions from "other sources" to establish the severity of impairments. See 20 C.F.R. §§ 404.1513(d), 416.913(d). "An ALJ may discount the opinion of an 'other source,' . . . if she provides 'reasons germane to each witness for doing so.'" Popa v. Berryhill, 872 F.3d 901, 906 (9th Cir. 2017) (quoting Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012); see also Petty v. Colvin, 954 F.Supp.2d 914, 926 (D. Ariz. 2013) ("An ALJ is free to discount testimony from other sources, but as the Commissioner concedes, he must give reasons germane to each witness for doing so.").

Here, the ALJ rejected Rohrlick's opinion, in part, because it conflicted with the testimony given by a medical expert. The ALJ noted that the "[m]edical expert specifically said that there was evidence to contradict [Rohrlick's opinion] in the consultative exam conclusions which have objective records and findings of fact that support the conclusions." (Tr. at 23.)

6

As noted above, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Chaudhry, 688 F.3d at 671 (quotation omitted). In this regard, the reasons provided by the ALJ for discounting the other source statement were germane. See Samuels v. Colvin, 658 Fed. Appx. 856, 858 (9th Cir. 2016) (lack of support from "objective medical evidence" is a germane reason); Ball v. Colvin, 607 Fed. Appx. 709, 710 (9th Cir. 2015) (inconsistency with "contemporaneous medical evidence" is a germane reason).

Accordingly, plaintiff is not entitled to summary judgment with respect to this claim.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

////

Here, plaintiff asks that this matter be remanded for further proceedings and that request will be granted. (Pl.'s MSJ (ECF No. 15) at 15.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (ECF No. 20) is granted in part and denied in part;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: August 19, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\billings0935.ord